IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAKOTA HOLLAND, #20061896,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 21-cv-00128-JPG |
| | ) | |
| **JOHN J. FRANKE,** | ) | |
| **NATHAN TALL, and** | ) | |
| **EUGENE J. ARAGONA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dakota Holland, an inmate at Alton Law Enforcement Center ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims he was denied medical care for a shoulder injury and threatened by staff for complaining about the conditions of his confinement at the Jail. (*Id*. at 6). He seeks money damages and a transfer. (*Id*. at 7).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, p. 6): On December 27, 2020, Plaintiff went to the emergency room for shoulder pain. He apparently reported the symptoms to Lead Jailer Nathan Tall and Doctor Aragona at some point. Captain Franke would not allow the doctor into the Jail to check on state and federal inmates. The doctor was instead required to diagnose and treat inmates by phone without examining them. This was particularly problematic for Plaintiff, who suffers from asthma, seizures, and mental health issues. When Plaintiff complained, Tall threatened Plaintiff's life if he filed a lawsuit naming him or the captain as defendants. This caused Plaintiff to suffer from distress and exacerbated his symptoms of depression and PTSD. When he reported the symptoms to correctional officers,[1] they ignored him. They also acted unprofessionally by disclosing his private medical information, in violation of Plaintiff's rights under HIPAA. (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

**Count 1:**   Fourteenth or Eighth Amendment claim against Tall, Franke, and Aragona for failing to timely or adequately treat Plaintiff's shoulder pain at the Jail on or around December 27, 2020.

**Count 2:**   Fourteenth or Eighth Amendment claim against Tall, Franke, and Aragona for denying inmates access to an on-site doctor at the Jail on or around December 2020.

**Count 3:**   First Amendment retaliation claim against Tall for threatening Plaintiff's life if he decided to name Tall or Franke in a lawsuit about the conditions of his confinement at the Jail.

---

[1] Plaintiff does not name the correctional officers as defendants in this action, and he brings no claim(s) against them.

**Count 4:** Fourteenth or Eighth Amendment claim against Tall for threatening Plaintiff's life when he complained about the conditions of his confinement at the Jail on or around December 2020 and for causing Plaintiff to suffer emotional distress that exacerbated his symptoms of depression and PTSD.

**Count 5:** Health Insurance Portability and Accountability Act (HIPAA) claim against for disclosure of Plaintiff's private medical information.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Counts 1 and 2

The applicable legal standard for Plaintiff's medical claims depends on his status as a convicted prisoner or a pretrial detainee when his claims arose at the Jail. The Eighth Amendment prohibition against cruel and unusual punishment controls his claims, if he was a prisoner. *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). In order to state a claim under the Eighth Amendment, Plaintiff must set forth factual allegations suggesting that he suffered from a sufficiently serious medical condition, from an objective standpoint, and that each defendant responded with deliberate indifference, from a subjective standpoint. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). The Fourteenth Amendment prohibition against punishment controls his claims, if he was a pretrial detainee. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). In order to state a claim under the Fourteenth Amendment Due Process Clause, Plaintiff must set forth allegations suggesting that the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case" and also show that the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's allegations offered in support of Count 1 are threadbare. For this reason, it is not clear what role any Defendants played in Plaintiff's treatment for shoulder pain. It is also unclear whether Plaintiff's trip to the emergency room was totally reasonable, objectively unreasonable, or a result of deliberate indifference. The allegations offer little in the way of an explanation. *See Twombly*, 550 U.S. at 570 (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). Count 1 does not survive screening and shall be dismissed without prejudice.

The same can be said of the allegations offered in support of Count 2. The decision to offer telemedicine instead of in-person appointments at the Jail may have increased, decreased, or done nothing to impact inmate access to medical care at the Jail. Plaintiff simply does not explain what effect that decision had on his treatment at all. Here again, Plaintiff offers insufficient factual support for his claim against the defendants, and Count 2 shall also be dismissed without prejudice.

**Count 3**

A First Amendment retaliation claim requires the plaintiff to demonstrate that: (1) he engaged in constitutionally protected speech; (2) he suffered a deprivation likely to deter protected speech; and (3) his protected speech was a motivating factor in the defendant's actions. *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 (7th Cir. 2012). The allegations state a claim against Tall.

Plaintiff alleges that when he complained about the conditions of his confinement, Nathan Tall threatened to take his life if he named Tall or Franke in a lawsuit. Raising concerns about the conditions of one's confinement is considered "constitutionally protected activity." *Beatty v. Henshaw*, 826 F. App'x 561 (7th Cir. 2020) (quoting *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018) (complaints and grievances); *Holleman v. Zatecky*, 951 F.3d 873, 878 (7th Cir. 2020) (lawsuits)). Threats aimed at deterring future speech and punishment for past speech are both

prohibited under the First Amendment. *See Beatty*, 826 F. App'x at 564 (citing *Douglas v. Reeves*, 964 F.3d 643, 649 (7th Cir. 2020) (It is "not only actual harms but threats of harm [that] can deter First Amendment activity."). *See also Fairly v. Andrews*, 578 F.3d 518, 525 (7th Cir. 2009). Therefore, allegations that Tall threatened to punish Plaintiff (*i.e.,* by taking his life) for his past complaints (*i.e.* regarding the conditions of confinement) and for engaging in future protected activity (*i.e.,* filing a lawsuit against Tall and Franke) state a claim under the First Amendment. Moreover, Plaintiff alleges a sufficiently serious threat—a threat to take his life—for a refusal to remain silent about the conditions of his confinement. Count 3 shall receive further review against Nathan Tall.

### Count 4

The same allegations offered in support of Count 3 support an Eighth or Fourteenth Amendment claim against Nathan Tall in Count 4. Threats of grave violence can rise to the level of cruel and unusual punishment under the Eighth Amendment. *See Hughes v. Farris*, 809 F.3d 330 (7th Cir. 2015) (citing *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009)). *See also Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (verbal abuse by guards that increased the risk of an inmate assault and caused severe emotional distress stated claim under Eighth Amendment). *But see DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment."). Accepting Plaintiff's allegations as true, the threat to take Plaintiff's life is sufficiently severe to constitute punishment that is prohibited by the Fourteenth Amendment or amount to cruel and unusual punishment that is prohibited under the Eighth Amendment. Count 4 shall receive further review against Nathan Tall.

**Count 5**

The Health Insurance Portability and Accountability Act (HIPAA) prohibits the disclosure of a patient's medical information without his consent. *See* 42 U.S.C. §§ 1320d-1 to d-7. However, the statute does not create a private right of action to enforce this substantive prohibition, and the Seventh Circuit has held that HIPAA does not confer individual enforcement rights, either express or implied. *See Stewart v. Parkview Hospital*, 940 F.3d 1013, 1015 (7th Cir. 2019). Plaintiff's claim for the unlawful disclosure of private medical information shall be dismissed with prejudice.

**Request for Transfer**

Plaintiff requests a transfer, but he does not explain why. The Constitution does not guarantee placement in a particular prison. *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976). "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). Plaintiff has not filed a separate motion requesting a temporary restraining order or a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. He does not seek relief under Rule 65 in his complaint. Further, it is unclear whether the request is for interim or permanent injunctive relief. Under the circumstances, Plaintiff's request for a transfer is **DENIED** without prejudice. He may renew his request by filing a motion pursuant to Rule 65 at any time he deems it necessary to do so during the pending action.

**Disposition**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNTS 3** and **4** will proceed against **NATHAN TALL** in his individual

capacity.  However, **COUNTS 1** and **2** are **DISMISSED** without prejudice and **COUNT 5** is **DISMISSED** with prejudice against **JOHN J. FRANKE, NATHAN TALL,** and **EUGENE J. ARAGONA,** all for failure to state a claim upon which relief may be granted.  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

      **IT IS ORDERED** that Plaintiff's request for a transfer is **DENIED** without prejudice.

      **<u>Because these claims pertain to medical issues, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.  The Clerk's Office is DIRECTED to TERMINATE Defendants JOHN J. FRANKE and EUGENE J. ARAGONA as parties in CM/ECF</u>**.

      With regard to **COUNTS 3** and **4**, the Clerk of Court shall prepare for Defendant **NATHAN TALL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

      If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.

Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/16/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.